UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cr-20076-HUCK/LOUIS

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

MARIELLA GACIA,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** is before the Court following an Order of Reference to conduct a proceeding for acceptance of a guilty plea by Defendant Mariella Garcia. Based upon the change of plea hearing conducted on April 30, 2024, this Court makes the following findings, and recommends that the guilty plea be accepted.

1. The undersigned advised Defendant of her right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that she did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney and the Assistant United States Attorney all consented on the record to the undersigned conducting the change of plea hearing.

2. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

3. Defendant pled guilty to the sole Count of the Information, which charges her with making a false statement to a federal agency, in violation of Title 18, United States Code, Section 1001(a)(2). I advised Defendant that the maximum sentence the Court could impose is a term of up to five years imprisonment; followed by a term of supervised release of up to three years; a fine of up to $250,000. I advised Defendant that the Court will impose a mandatory special assessment of $100.00 per count, which is due to be paid at the time of sentencing. Defendant was also advised of the possibility of restitution, forfeiture, and the potential for immigration consequences including deportation. Defendant acknowledged that she understood the possible maximum penalties that could be imposed in the case.

4. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crime charged.

5. The parties entered into a written plea agreement that was thereafter filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that she had reviewed the entire agreement with counsel before she signed it. Defendant acknowledged that she is satisfied with her attorney and that she has had a full opportunity to discuss all facets of her case with her attorney. Defendant indicated that she has reviewed discovery with counsel.

6. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing

each of the essential elements of the offense. In addition, the undersigned specifically finds that the Defendant's waiver of her right to appeal her sentence in this case is knowing and voluntary.

7. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered her guilty plea to the sole Count of the Information filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offenses as charged.

8. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing will be set by separate order.

As I advised the Parties in open court, the parties will have **THREE (3) CALENDAR DAYS** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 30th day of April, 2024.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**

cc:   The Honorable Paul C. Huck
      Counsel of record